UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

| | |
|---|---|
| CHRISTINE N. KNIGHT, individually and on behalf of others similarly situated, | 19 Civ. 19-9960 |
| Plaintiffs, | **COMPLAINT AND COLLECTIVE AND CLASS ACTION COMPLAINT** |
| vs. | **DEMAND FOR JURY TRIAL** |
| MTA-NEW YORK CITY TRANSIT AUTHORITY, | |
| Defendant. | |

-------------------------------------------------------------------X

Plaintiff by her undersigned attorneys, for her Complaint against Defendant, alleges as follows:

## INTRODUCTION

1. Plaintiff is a current employee of MTA-New York City Transit Authority ("NYCT"), which is a public benefit corporation pursuant to N.Y. Pub. Auth. Law § 1200 *et seq.* NYCT is not an exempt employee under Sections 13(a)(1) and/or 13(a)(17) of the Fair Labor Standards Act ("FLSA"). This lawsuit, which is, in part, an FLSA collective action, and, in part, a class action under New York law, seeks to address the failure to pay overtime after 40 hours of work, as required by the FLSA, 29 U.S.C. § 216(b), Section 134 of the New York Civil Service Law, and 9 New York Code of Rules and Regulations ("NYCRR") § 135.1.

2. Plaintiff seeks declaratory relief, lost wages, exemplary relief, and all other relief allowed under Federal and State law.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to Section 16 of the FLSA, 29 U.S.C. § 216 (b), and Sections 1331 and 1367 of Title 28 of the United States Code.

4. This action is brought in this District pursuant to 28 U.S.C. § 1931(b).

5. This Court's pendent jurisdiction is also invoked.

## PARTIES

6. Plaintiff Christine N. Knight is and has been employed by Defendant NYCT as an Associate Transit Management Analyst (Material Forecaster/Project Coordinator) since on or about 1999.

7. Plaintiff is an "employee" within the meaning of Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1), and Section 134(1) of the New York Civil Service Law.

8. Plaintiff's duties include forecasting materials for annual usage in the pneumatic shop, modifying forecasts, reviewing and monitoring material usage, monitoring material usage trends for budgetary purposes, evaluating material forecasts for accuracy, tracking trends, liaising with other departments and outside vendors, interfacing with managers, monitoring maintenance procedures, creating and maintaining a computer database to track and evaluate projects, reviewing contract specifications, and other responsibilities.

9. Plaintiff brings this action on behalf of herself and all other similarly situated employees who work or have worked for Defendant NYCT at all times material herein.

10. Defendant NYCT is a New York State public authority established in 1953 by Public Authorities Law § 1201 for the benefit of the people of the State of New York. Defendant NYCT is amenable to suit under the FLSA (see 29 U.S.C. § 203(x)). Its principal office is located at 2 Broadway, New York, New York 10004.

## COLLECTIVE ACTION ALLEGATIONS

11. The proposed collection class includes all employees holding the Associate Transit Management Analyst title, and related titles, who worked for Defendant NYCT during

the six years prior to the filing of this lawsuit, who worked in excess of 40 hours per week, and who were not paid overtime at a rate of one and one-half times their regular hourly rate of pay, who have not previously joined the action titled *Brack v. MTA NYC Transit Authority*.

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings these New York State statutory causes of action on behalf of a class of similarly situated employees, to wit: non-exempt employees of NYCT who in the six years prior to the filing of the Complaint were not paid one and one-half times their hourly rate of pay, despite having worked more than 40 hours in a week, as required by New York Law.

13. A class action is appropriate because:

   a. The class is so numerous that joinder of all members is impracticable;

   b. there are questions of law or fact common to the class;

   c. the claims or defenses of the representative parties are typical of the claims or defenses of the class;

   d. the representative parties will fairly and adequately protect the interests of the class;

   e. inconsistent or varying adjudications with respect to individual members of the class would establish incompatible standards of conduct for the parties opposing the class;

   f. adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; and

   g. the parties opposing the class have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to each class as a whole.

## **FACTS RELEVANT TO ALL CLAIMS**

**Overtime**

14.     Plaintiff at all times material herein has been employed by Defendant NYCT in the position noted in paragraphs 6-8, above.

15.     Within the last six years and continuing to date, while working in a position on behalf of Defendant NYCT, Plaintiff's job duties have included work not exempt from the requirements of either FLSA Section 13(a)(1) or 13(a)(17).

**Unpaid Overtime**

16.     Plaintiff and all others similarly situated are, and have been at all relevant times, scheduled to work 35 hours per week.

17.     During numerous weeks within the last six years, Plaintiff, and all others similarly situated, have been required to work, during various weeks, in excess of 40 hours per week. These requirements have involved working more than eight hours in a given day during a five-day week, or a requirement that they work on a weekend or on a day scheduled as an off day.

18.     Plaintiff and all others similarly situated were mandated to work overtime doing the following tasks: assisting with special projects that required monitoring materials, forecasting and/or issues with material forecasting, and/or when regular job responsibilities required additional time over and above the regularly scheduled workday.

19.     When Plaintiff and others similarly situated were required to work overtime, they worked up to 45 or more hours in a week.

20.     In addition, Plaintiff and all other similarly situated were offered the opportunity to work overtime as test monitors on the weekends. When Plaintiff and others similarly situated worked as test monitors, they worked between seven (7) and 20 hours over their regularly schedule workday, which was from two (2) to 15 overtime hours.

21. During the weeks that Plaintiff, and other similarly situated, have worked 42 or more hours a week, NYCT has paid Plaintiff and all others similarly situated straight time for all hours worked in excess of 40 hours during the workweek, instead of time and a half.

### AS AND FOR A FIRST CAUSE OF ACTION

### FAILURE TO COMPLY WITH THE REQUIREMENT OF THE FAIR LABOR STANDARDS ACT THAT OVERTIME BE PAID AT THE RATE OF ONE AND ONE-HALF TIMES THE PLAINTIFF'S REGULAR RATE OF PAY AND INSTEAD COMPENSATING PLAINTIFF WITH STRAIGHT TIME FOR HOURS WORKED IN EXCESS OF FORTY

**(FLSA Overtime Collective Action)**

22. Plaintiff hereby incorporates by reference paragraphs 1 through 21 above in their entirety and restates them herein.

23. During the times that Plaintiff, and others similarly situated, have worked in excess of 40 hours in a week, Defendants have compensated work time at only the straight time rate. Plaintiff began to receive overtime pay at a rate of time and a half in October 2017 as a result of collective bargaining carried out by a union involving other employees. However, upon information and belief, not all other similarly situated are paid overtime at a rate of time and a half.

24. Section 7(a) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207(a)(1), provides that employees shall be paid overtime compensation at a rate of not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per work week.

25. Defendant has violated and continues to violate 29 U.S.C. § 207(a)(1) by failing and refusing to compensate Plaintiff and/or other similarly situated employees at a rate of not less than one and one-half times the regular rate at which the Plaintiff and those similarly situated are employed in workweeks in which Plaintiff and those similarly situated work forty

5

(40) or more hours per week by instead paying Plaintiff and others similarly situated straight time for overtime hours.

26. Defendant's violations of the FLSA have been done in a willful and bad-faith manner. Defendant had paid overtime pay to employees in Plaintiff's position at a rate of one and a half times the regular rate of pay for many years when it stopped in or about 2001 or 2002. The decision to stop paying overtime was a managerial decision.

27. As a result of the Defendant's willful and purposeful violations of the FLSA, there has become due and owing to the Plaintiff, and those similarly situated, an amount that has not yet been precisely determined. The employment and work records for the Plaintiff are in the exclusive possession, custody, and control of Defendant, and the Plaintiff and other similarly situated employees are unable to state at this time the exact amount owing, but from these payroll records, Plaintiff will be able to ascertain the precise extent of these violations of Section 7(a) of the FLSA, 29 U.S.C. § 207(a). Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to the Plaintiff and other employees similarly situated from which the amount of Defendant's liability can be ascertained.

28. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover liquidated damages in an amount equal to their backpay damages for the Defendant's failure to pay overtime compensation.

29. Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

**AS AND FOR A SECOND CAUSE OF ACTION**

**FAILURE TO COMPLY WITH THE REQUIREMENT OF SECTION 134 OF THE NEW YORK CIVIL SERVICE LAW AND 9 NYCRR § 135.1 THAT OVERTIME BE PAID AT THE RATE OF ONE AND ONE-HALF TIMES THE PLAINTIFF'S REGULAR RATE OF PAY AND INSTEAD COMPENSATING PLAINTIFF WITH STRAIGHT TIME FOR HOURS WORKED IN EXCESS OF FORTY**

**(N.Y. State Civil Service Law Overtime Class Action)**

30. Plaintiff hereby incorporates by reference paragraphs 1 through 29 above in their entirety and restates them herein.

31. Section 134 of the N.Y. State Civil Service Law requires that N.Y. State employees performing the jobs performed by Plaintiff and others similarly situated receive overtime compensation for the hours worked in excess of 40 in a week at one and one-half times the hourly rate of pay received by such employees as their regular hourly pay, unless they are exempt from overtime pay under the FLSA.

32. 9 NYCRR § 135.1 requires that all state government employers pay employees overtime (to wit, for hours worked in excess of 40 in one week) at a wage rate of one and one-half times the employees' regular rate of pay, subject to the exemptions of the FLSA.

33. Pursuant to New York Civil Service Section 134 and 9 NYCRR § 135.1, Defendant is liable to Plaintiff and others similarly situated in the amount of compensation they were entitled to receive but were, in fact, not paid, because Defendant failed to pay Plaintiff and the class she represents at one and one-half times their regular rate of pay for each hour they worked in excess of 40 during a workweek.

34. Because of Defendant's failure to pay overtime, Plaintiff and others similarly situated are entitled to payment of liquidated damages equal to 100 percent of the total amount of the wages found to be due.

## **TRIAL BY JURY**

35. Plaintiff requests a trial by jury on all claims asserted herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court:

A. Certify Plaintiff as representative of a class of persons similarly situated for litigation of the State law overtime claim;

B. Enter such orders as are necessary to certify this case as a collective action under the Fair Labor Standards Act;

C. Order Defendant to make a complete accounting to Plaintiff of the hours that she worked on a weekly basis and of all payments Plaintiff received in compensation for the six-year period preceding the commencement of this action, and the sums paid to NYCTA employees with the same titles and/or job responsibilities;

D. Enter judgment ordering Defendant to pay to Plaintiff and members of her class all unpaid wages due and owing because of Defendant's failure to compensate Plaintiff and members of her class at a rate of one and one-half times their regular rate of pay for each hour worked in excess of 40 during each workweek for the six years prior to the filing of this action;

E. Order Defendant to pay liquidated damages pursuant to the FLSA, 29 U.S.C. § 216(b) and any other applicable statute, rule, or regulation;

F. Order Defendants to pay Plaintiff's reasonable attorneys' fees, costs, and applicable prejudgment interest; and

G. Grant Plaintiff and her class such other and further relief as the Court deems proper and just.

Dated: New York, New York
October 28, 2019

>ADVOCATES FOR JUSTICE
>CHARTERED ATTORNEYS
>*Attorneys for Plaintiffs*
>
>By: /s/ *Arthur Z. Schwartz*
>Arthur Z. Schwartz
>Laine Alida Armstrong
>225 Broadway, Suite 1902
>New York, New York 10007
>(212) 285-1400