Steven D. Hurd
Joshua S. Fox
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036-8299
Tel. 212.969.3000
Fax 212.969.2900
shurd@proskauer.com
jfox@proskauer.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHRISTINE KNIGHT, individually and on behalf of others similarly situated | : : : |
| Plaintiff, | : : Case No. 19-cv-9960 : |
| v. | : : **ECF Case** : |
| MTA-NEW YORK CITY TRANSIT AUTHORITY | : **DEFENDANT'S** : **MEMORANDUM OF LAW IN** |
| Defendant. | : **SUPPORT OF ITS FED. R.** : **CIV. P. 12(b)(6) MOTION TO** : **DISMISS PLAINTIFF'S** : **AMENDED COMPLAINT AND** : **COLLECTIVE AND CLASS** : **ACTION COMPLAINT** |
| | : |

## <u>TABLE OF CONTENTS</u>

**Page(s)**

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND .................................................................................................... 2

I.      THE PARTIES ............................................................................................................. 2

      A.     Defendant NYCTA ......................................................................................... 2

      B.     Plaintiff Christine Knight ............................................................................... 2

II.     PROCEDURAL POSTURE ....................................................................................... 4

LEGAL STANDARD ............................................................................................................... 5

LEGAL ARGUMENT .............................................................................................................. 6

I.      PLAINTIFF'S FLSA CLAIM IS NOT ADEQUATELY PLED AND SHOULD
      BE DISMISSED AS A MATTER OF LAW .......................................................... 6

      A.     Plaintiff Has Failed to Sufficiently Allege a Plausible FLSA Overtime
           Claim. ............................................................................................................. 6

      B.     Plaintiff's Compensatory Time Claim Fails as a Matter of Law. ................. 11

II.     PLAINTIFF'S CLAIM UNDER NYCSL § 134 AND ITS ACCOMPANYING
      REGULATIONS IS INSUFFICIENTLY PLED AND TIME-BARRED ..................... 13

      A.     Plaintiff Has Failed to Sufficiently Allege a Plausible NYCSL § 134
           Unpaid Overtime Claim. ............................................................................... 13

      B.     Plaintiff Does Not Have a Timely Unpaid Overtime Claim Under NYCSL
           § 134 ............................................................................................................. 14

CONCLUSION ....................................................................................................................... 18

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Adderly v. City of Atlanta*,
   No. 1:08-CV-2111-TWT, 2010 WL 2662719 (N.D. Ga. June 30, 2010)...............................12

*Afalo v. Cantor Fitzgerald, L.P.*,
   298 F. Supp. 3d 688 (S.D.N.Y. 2018)........................................................................................6

*Almanzar v. C & I Assocs. Inc.*,
   175 F. Supp. 3d 270 (S.D.N.Y. 2016)........................................................................................8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..............................................................................................................6, 10

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)....................................................................................................................5

*Boutros v. JTC Painting & Decorating Corp.*,
   989 F. Supp. 2d 281 (S.D.N.Y. 2013)........................................................................................9

*Carney v. Memorial Hosp. & Nursing Home of Greene Cty.*,
   64 N.Y.2d 770 (1985).........................................................................................................17, 18

*Christensen v. Harris Cty.*,
   529 U.S. 576 (2000)..................................................................................................................12

*DeJesus v. HF Mgmt. Servs.*,
   726 F.3d 85 (2d Cir. 2013)................................................................................................6, 7, 10

*Djurdjevich v. Flat Rate Movers, Ltd.*,
   No. 17-CV-261, 2018 WL 1478132 (S.D.N.Y. Mar. 23, 2018)................................................8

*Gerber v. N.Y.C. Hous. Auth.*,
   42 N.Y.2d 162 (1977)...............................................................................................................17

*Hughey v. Metro. Transp. Auth.*,
   159 A.D.3d 596 (1st Dep't 2018).............................................................................................15

*Humphrey v. RAV Investigative & Security Servs., Ltd.*,
   169 F. Supp. 3d 489 (S.D.N.Y. 2016)........................................................................................9

*Hussey v. Town of Oyster Bay*,
   24 A.D.2d 570 (2d Dep't 1965) ...............................................................................................17

*Kowalski v. Dep't of Corr. of City of N.Y.*,
  66 A.D.2d 814 (2d Dep't 1978) ............................................17

*L-7 Designs, Inc. v. Old Navy, LLC*,
  647 F.3d 419 (2d Cir. 2011)....................................................6

*Leon v. Port Washington Union Free Sch. Dist.*,
  49 F. Supp. 3d 353 (E.D.N. Y. 2014) ..................................10

*Lundy v. Catholic Health Sys. of Long Island Inc.*,
  711 F.3d 106 (2d Cir. 2013)...................................6, 10, 13

*Matter of Adirondack Med. Center–Uihlein v. Daines*,
  119 A.D.3d 1175 (3d Dep't 2014) ........................................15

*Nakahata v. New York-Presbyterian Healthcare Sys.*,
  723 F.3d 192 (2d Cir. 2013)..........................6, 7, 9, 10

*Perkins v. 199 SEIU United Healthcare Workers E.*,
  73 F. Supp. 3d 278 (S.D.N.Y. 2014) ....................................7

*Piro v. Bowen*,
  76 A.D.2d 392 (2d Dep't 1980) ......................................16, 17

*Portlette v. Metro. Transp. Auth.*,
  25 A.D.3d 389 (1st Dep't 2006)......................................15, 16

*Romero v. Metro. Transp. Auth.*,
  19-cv-0694 (JGK), 2020 WL 1221004 (S.D.N.Y. Mar. 12, 2020)...................8, 13

*Sanders v. N.Y.C. Transit Auth.*,
  130 Misc.2d 719 (Civil Court N.Y. County, 1985) ..............................17

*Toms v. Pizzo*,
  4 F. Supp. 2d 178 (W.D.N.Y. 1998)*, aff'd* 172 F.3d 38 (2d Cir. 1999)................10

*Turner v. New York Div. of State Police*,
  148 A.D.3d 1335 (3d Dep't 2017) ..................................14, 18

*United States ex rel. Ladas v. Exelis, Inc.*,
  824 F.3d 16 (2d Cir. 2016)....................................................11

*Watkins v. First Student, Inc.*,
  No. 17-CV-1519 (CS), 2018 WL 1135480 (S.D.N.Y. Feb. 28, 2018) ...................8

STATUTES AND OTHER AUTHORITIES

9 NYCRR § 135 *et seq*...................................................................................................13, 18

29 C.F.R. § 553.23(c)(1) ...............................................................................................12

29 U.S.C. § 207(o)(2) ...............................................................................................11, 12

CPLR § 217...................................................................................................................14

CPLR § 7801.................................................................................................................15


Fair Labor Standards Act ........................................................................................ passim

Federal Rule of Civil Procedure 12(b)(6) ...................................................................1, 5

FLSA § 207(a)(1)...........................................................................................................13

New York Civil Practice Law and Rules Article 78............................................... passim

New York Civil Service Law..................................................................................... passim

New York Public Authorities Law ..................................................................................2

N.Y. Pub. Auth. Law § 1201 ......................................................................................2, 11

N.Y. Pub. Auth. Law § 1202 ...........................................................................................2

NYCSL § 134 ........................................................................................................... passim

U.S. DOL Opinion Letter Fair Labor Standards Act, 1994 WL 1004765.....................13

Defendant MTA-New York City Transit Authority ("Defendant" or "NYCTA") submits this memorandum of law in support of its motion to dismiss the first Amended Complaint and Collective and Class Action Complaint (the "Complaint" or "FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## PRELIMINARY STATEMENT

Plaintiff Christine Knight ("Plaintiff" or "Knight")—the *only* named or opt-in plaintiff in this action—alleges that "[d]uring numerous weeks within the last six years" (Dkt. No. 30 ("FAC") at ¶ 17), NYCTA compensated her for hours worked over forty (40) in a workweek at a straight-time rate, and that beginning in October 2017, she began receiving overtime pay at a rate of time and a half. (*Id.* at ¶ 28.) She further alleges that, absent her "individual agreement," she received compensatory time in lieu of overtime pay until she accrued over one-hundred sixty (160) overtime hours. (*Id.* at ¶ 24.) Plaintiff claims a violation of the Fair Labor Standards Act ("FLSA") and New York Civil Service Law ("NYCSL") (and its accompanying regulations), purportedly on a collective and class-wide basis, respectively.

Even after amending her Complaint, Plaintiff's claims demonstrably fail as a matter of law and should be dismissed in their entirety for three principal reasons.

*First,* Plaintiff's vague allegations regarding unpaid overtime fail to pass muster under the standards established by the Supreme Court and Second Circuit for pleading wage-and-hour violations brought under the FLSA and corresponding state law.

*Second,* Plaintiff has not stated a cognizable claim for relief that Defendant unlawfully provided her compensatory time for overtime hours instead of cash under the FLSA based on the applicable regulations and binding Supreme Court precedent.

1

*Third,* Plaintiff's claim for unpaid overtime under NYCSL § 134 and the statute's accompanying regulations was not filed within the applicable four-month limitations period for such claims, and thus must be dismissed as untimely.

Accordingly, the Complaint should be dismissed as a matter of law, with prejudice.

## FACTUAL BACKGROUND

### I.  THE PARTIES

#### A.  Defendant NYCTA

NYCTA is a public benefit corporation established pursuant to the New York Public Authorities Law. *See* N.Y. Pub. Auth. Law § 1201. NYCTA acts "in all respects for the benefit of the people of the state of New York and [NYCTA] shall be regarded as performing a governmental function in carrying out its corporate purposes and in exercising the powers granted by" the Public Authorities Law. N.Y. Pub. Auth. Law § 1202(2). Furthermore, NYCTA's purposes include, without limitation, the "operation of transit facilities in accordance with the provisions of this title for the convenience and safety of the public . . ." *Id.* at § 1202(1).

#### B.  Plaintiff Christine Knight

Knight has been a NYCTA employee since 1999. (FAC at ¶ 6.) Knight's current job title is Associate Transit Management Analyst (Material Forecaster/Project Coordinator). (*Id.*) Knight alleges that her duties include the following:

> forecasting materials for annual usage in the pneumatic shop, modifying forecasts, reviewing and monitoring material usage, monitoring material usage trends for budgetary purposes, evaluating material forecasts for accuracy, tracking trends, liaising with other departments and outside vendors, interfacing with managers, monitoring maintenance procedures, creating and maintaining a computer database to track and evaluate projects, reviewing contract specifications, and other responsibilities.

(FAC at ¶ 8.)

Knight further alleges that she "and all others similarly situated" are "scheduled to work 35 hours per week." (*Id.* at ¶ 16.) Knight alleges that there were "numerous weeks within the last six years," where she "and all others similarly situated" have "been required to work, during various weeks, in excess of 40 hours per week." (*Id.* at ¶ 17.) Knight alleges there were at least five workweeks in 2017 (and "at various other times" well-beyond the FLSA limitations period, even assuming *arguendo* a three-year limitations period applies to Knight) where she allegedly worked over 40 hours in a workweek and was not paid at a time and a half rate. (*Id.* at ¶¶ 21, 22.) Knight alleges that when she worked as a test monitor or ambassador for selective bus service, she worked "between seven (7) and 20 hours over [her] regularly schedule[d] workday" (presumably, Knight means "workweek," not "workday"). (*Id.* at ¶ 20.) However, Knight has not provided the requisite specificity as to the estimated amount of any alleged overtime work performed in relation to her regular schedule (*e.g.*, the hours of her regularly-scheduled workday, the length and frequency of additional work performed during a given workweek, and the additional tasks performed); instead, Knight merely recites boilerplate language from the FLSA.

Knight alleges (for the first time in the FAC) that "Plaintiff and others similarly situated are required to 'bank' 160 overtime hours as compensatory hours in lieu of payment for those hours" before they are paid overtime, and that she has not provided her "individual agreement" for NYCTA to do so. (FAC at ¶ 24.) She also alleges that NYCTA has not posted notices at "appropriate sites at Plaintiff's work location" or, upon information and belief, "at all," or provided employees with training regarding their rights under the FLSA. (*Id.* at ¶ 25.) Knight alleges that until January 2019, when she received notice of a possible settlement in *Brack v. MTA New York City Transit Authority* (19-cv-846-ILG-SJB), a proposed FLSA collective action

alleging overtime violations, she was "not aware of [her] statutory FLSA rights regarding overtime." (*Id.* at ¶ 26.)

Knight further alleges that employees in her job title were paid for overtime hours at a rate of one-and-one-half times their regular rates of pay until "about 2001," when she was provided with "a document setting forth [NYCTA's] overtime and compensatory time policy" applicable to her, and was notified that NYCTA decided to "stop paying overtime" at a one-and-one-half times rate, as a result of an undefined and speculative "managerial decision." (FAC at ¶ 31.) From 2001 until October 2017, Knight alleges that when she "worked in excess of 40 hours in a week, Defendant[] ha[s] compensated work time at only the straight time rate." (*Id.* at ¶ 28.) Knight alleges she "began to receive overtime pay at a rate of time and a half in October 2017." (*Id.*)

## II.    PROCEDURAL POSTURE

Knight filed a Complaint and Collective and Class Action Complaint on October 28, 2019. In early December 2019, the Court referred the case to the Southern District of New York's Mediation Program. (*See* Dkt. No. 12.) On December 30, 2019, the parties conferred in accordance with the Mediation Referral Order. On January 7, 2020, Defendant requested that the Court-ordered mediation be adjourned until after Defendant's forthcoming motion to dismiss was decided, if it remained necessary. (*See* Dkt. No. 13.) The Court granted in part and denied in part Defendant's application, adjourning the parties' deadline to exchange information in advance of mediation; resetting Defendant's deadline to answer, move or otherwise respond to February 21, 2020; and requiring the parties to mediate the matter prior to the Court's disposition of the motion to dismiss. (*See* Dkt. No. 14.) Defendant produced documents and information to Plaintiff in accordance with the Mediation Referral Order on January 30, 2020 in accordance with the parties' confidentiality agreement that the production would be for purposes of

mediation only. On February 21, 2020, Defendant filed a motion to dismiss the complaint. (*See* Dkt. No. 16.) On March 3, 2020, prior to Plaintiff's deadline to oppose the motion to dismiss, the parties mediated this matter before the Court-appointed mediator Robert Kheel, and were unable to reach a resolution.

After mediation, the Court granted Knight's request for an extension of time to oppose Defendant's motion to dismiss or file an amended complaint. (*See* Dkt. Nos. 17 and 18.) The Court granted Knight's second extension request, extending her opposition deadline to April 7, 2020. (*See* Dkt. Nos. 20 and 21.) On April 6, 2020, Knight requested an additional extension of time until April 14, 2020 to file a motion for leave to file an amended complaint, and Defendant requested an extension until May 15, 2020 to oppose the motion for leave to amend the complaint. (*See* Dkt. No. 22.) The Court granted these requests (*see* Dkt. No. 23), and Plaintiff filed her proposed amended complaint and memorandum of law in opposition to Defendant's motion to dismiss and in support of her motion for leave to amend the complaint ("Opposition and Leave to Amend") on April 14, 2020. (*See* Dkt. Nos. 26-1 and 27.)

On April 16, 2020, Defendant requested a revision to the briefing schedule in order to streamline the proceedings, agreeing that Plaintiff could file an amended complaint by April 22, 2020; Defendant would then file a motion to dismiss the amended complaint by May 15, 2020; Plaintiff would file an opposition to Defendant's motion to dismiss by May 29, 2020; and Defendant would file a reply by June 5, 2020. (*See* Dkt. No. 28.) The Court approved the revised briefing schedule (*see* Dkt. No. 29), and Plaintiff filed the FAC on April 21, 2020. (*See* Dkt. No. 30.)

## LEGAL STANDARD

To survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a plaintiff must provide "more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007). A complaint must "state a claim to relief that is plausible on its face," *id.* at 570, and

plausibility "depends on a host of considerations: the full factual picture presented by the

complaint, the particular cause of action and its elements, and the existence of alternative

explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v.

Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

"'[N]aked assertion[s]' devoid of 'further factual enhancement'" do not make out a well-

pleaded complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at

557). "Although all allegations contained in the complaint are assumed to be true, this tenet is

'inapplicable to legal conclusions.'" *Afalo v. Cantor Fitzgerald, L.P.*, 298 F. Supp. 3d 688, 693-

94 (S.D.N.Y. 2018) (quoting *Iqbal*, 556 U.S. at 678). The pleading standards in *Twombly* and

*Iqbal* apply in wage-and-hour cases like this one. *See, e.g., Lundy v. Catholic Health Sys. of

Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013) (dismissing FLSA overtime claims).

## LEGAL ARGUMENT

**I.     PLAINTIFF'S FLSA CLAIM IS NOT ADEQUATELY PLED AND SHOULD BE
        DISMISSED AS A MATTER OF LAW.**

    **A.     Plaintiff Has Failed to Sufficiently Allege a Plausible FLSA Overtime Claim.**

Plaintiff has failed to satisfy the well-established pleading standards for unpaid overtime

claims, which have been developed as a result of a trio of Second Circuit decisions from 2013.

"[I]n order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours

of work in a given workweek as well as some uncompensated time in excess of the 40 hours."

*Lundy,* 711 F.3d at 114. Further, "Plaintiffs must provide sufficient detail about the length and

frequency of their unpaid work to support a reasonable inference that they worked more than

forty hours in a given week." *Nakahata v. New York-Presbyterian Healthcare Sys.,* 723 F.3d

192, 201 (2d Cir. 2013) (affirming dismissal of FLSA claims); *DeJesus v. HF Mgmt. Servs.*, 726

F.3d 85 (2d Cir. 2013) (affirming dismissal of FLSA claims and warning that plaintiffs cannot simply rely on an "all-purpose pleading template alleging overtime in 'some or all workweeks'").

*Nakahata* and *DeJesus* are particularly instructive. In *Nakahata*, plaintiffs alleged that they "regularly worked hours both under and in excess of forty per week and were not paid for all of those hours", but the Second Circuit found that their claims were insufficient because they merely "raise[d] the possibility that [the] [p]laintiffs were undercompensated" *Nakahata*, 723 F. 3d at 201. The Court affirmed dismissal of plaintiffs' FLSA claims, noting that while plaintiffs asserted that they were not compensated for work performed during meal breaks, before and after shifts, or during required trainings, "absent any allegation that Plaintiffs were *scheduled* to work forty hours in a given week," their allegations did not state a plausible claim for relief. *Id.* (emphasis added).

The Court in *DeJesus* similarly held that the complaint lacked specific allegations to render plaintiff's claims plausible, as she failed to estimate her hours in any or all weeks or to provide any other factual context or content "beyond those plucked from the statute." *DeJesus*, 726 F.3d at 89. While the Court noted that plaintiffs are not required "to keep careful records and plead their hours with mathematical precision, [the Court] recognized that it is employees' memory and experience that lead them to claim in federal court that they have been denied overtime in violation of the FLSA in the first place." *Id.* at 90. The Court concluded: "Our standard requires that plaintiffs draw on those resources in providing complaints with sufficiently developed factual allegations." *Id.*; *see also Perkins v. 199 SEIU United Healthcare Workers E.*, 73 F. Supp. 3d 278, 290 (S.D.N.Y. 2014) (A plaintiff is "reasonably expected to recall basic facts about his own work experience, such as when he worked overtime; whether he came to work

early, stayed late, or took on additional shifts; approximately how many extra hours he worked per week; and the types of tasks he performed during his overtime hours.").

It is also noteworthy that just two months ago, a court in the Southern District of New York dismissed FLSA claims almost identical to those presented here, brought by the same counsel that represents Knight. *See Romero v. Metro. Transp. Auth.*, 19-cv-0694 (JGK), 2020 WL 1221004 (S.D.N.Y. Mar. 12, 2020). In *Romero,* Judge John G. Koeltl held that plaintiffs—who alleged identical claims that the same straight-time overtime pay policy utilized by a subsidiary agency of NYCTA violated the FLSA—failed to state a claim for FLSA overtime violations because the complaint did "not show that any plaintiff was required to work 40 hours per week as well as uncompensated time in excess of 40 hours." *Id.* at *3. The Court held that the *Romero* plaintiffs did not provide "information about work schedules of or actual hours worked by any employee, which might have allowed the Court to conclude that a plaintiff was eligible to receive overtime pay." *Id*. Judge Koeltl contrasted the pleading deficiencies in *Romero* with recent decisions in this District where plaintiffs satisfied the *Lundy* pleading standards because they provided estimates of their regular work schedules and specifics concerning alleged overtime performed during certain weeks. *See id.* (*citing Almanzar v. C & I Assocs., Inc.*, 175 F. Supp. 3d 270, 274 (S.D.N.Y. 2016) (allegations of a work schedule beginning at 7:30 a.m. or 8:00 a.m. and ending by 5:00 p.m., six days a week were sufficient to satisfy the *Lundy* standard); *Djurdjevich v. Flat Rate Movers, Ltd.*, No. 17-CV-261, 2018 WL 1478132, at *5 (S.D.N.Y. Mar. 23, 2018) (plaintiff's allegations that he worked from 6:30 a.m. to 11:30 p.m., six days a week were sufficient to plead an FLSA overtime claim).)

Similarly, in *Watkins v. First Student, Inc.*, No. 17-CV-1519 (CS), 2018 WL 1135480, at *8 (S.D.N.Y. Feb. 28, 2018), the Court dismissed a plaintiff's FLSA overtime claim, even

8

though the plaintiff identified specific workweeks where she was not compensated for hours worked over forty (40), because she did not describe the number of days that she worked in the identified workweeks, the length of the shifts, whether she was required to arrive early or leave late, whether she worked through breaks, her rate of pay or income earned, or any other factual content that could nudge her claim closer to plausibility.

The FAC here fares no better than the deficient pleadings in *Romero*, *Watkins*, and the trio of Second Circuit decisions establishing the governing pleading requirements.[1] Even after amending her pleading upon review of Defendant's initial motion to dismiss, Knight has merely plucked boilerplate language from the statute, alleging that she worked "in excess of 40 hours" but was not paid for the hours that she worked over 40 during five workweeks in 2017 as well as "at various other times" well-beyond the FLSA limitations period. (FAC at ¶ 21.)

Critically, Knight fails to connect the dots between her regularly-scheduled thirty-five (35) hour work week and her allegation that she worked over forty (40) hours during five work weeks in 2017. Knight has not provided sufficient detail about the "length and frequency of [her] unpaid work" to support a reasonable inference that she worked more than forty (40) hours. *Nakahata,* 723 F.3d at 201. For example, Knight fails to estimate the number of hours over forty (40) that she worked during those specific work weeks or any of the "various other times" she claims she is owed overtime pay; she does not provide her rate of pay; and does not plead the particular tasks that she allegedly performed as a test monitor or ambassador that purportedly got

---

[1] The cases that Plaintiff cites in her Opposition and Leave to Amend filing only reinforce the inadequacy of her amended pleadings here. (*See* Dkt. No. 27 at 4-5 (citing *Humphrey v. RAV Investigative & Security Servs., Ltd.*, 169 F. Supp. 3d 489 (S.D.N.Y. 2016) (*pro se* plaintiff adequately alleged FLSA overtime claims in amended complaint by explaining that he worked a ten (10) hour night shift Sunday through Wednesday and was required to arrive 30 minutes to one (1) hour prior to each shift, and by estimating an average two and one-half (2.5) hours of uncompensated work in excess of his scheduled 40 hours each week); *Boutros v. JTC Painting & Decorating Corp.*, 989 F. Supp. 2d 281 (S.D.N.Y. 2013) (plaintiffs' FLSA claims were not dismissed because they identified numerous weeks in which they worked specific overtime hours but were not paid overtime rates)).)

her over the forty (40) hour threshold (*e.g.*, arriving early, working through lunch, staying late, etc.). *See Nakahata*, 723 F.3d at 201; *cf. Leon v. Port Washington Union Free Sch. Dist.*, 49 F. Supp. 3d 353, 357-58 (E.D.N. Y. 2014) (finding plaintiff plausibly alleged FLSA overtime claim as she "allege[d] that she regularly worked forty hours per week, and provided sufficient estimates of how much additional time she worked each week"); *see also Lundy*, 711 F.3d at 114, n. 7 ("an approximation of overtime hours worked may help draw a plaintiff's claim closer to plausibility."). Knight's allegations "supply nothing but low-octane fuel for speculation, not the plausible claim that is required." *Lundy*, 711 F.3d at 115.

Plaintiff essentially acknowledges the insufficiency of her pleading as she alleges that she requires access to employment and work records in Defendant's possession to "precisely determine[] . . . the amount of Defendant's liability" and the amount that she is allegedly owed. (FAC at ¶ 32.) While the Second Circuit does not require "mathematical precision," Plaintiff ***is required*** to draw upon her experiences and memories and undertake sufficient diligence ***before*** filing a claim for unpaid overtime—which she demonstrably failed to do here. *See DeJesus*, 726 F.3d at 90. A federal complaint must be "well-pleaded" and state a "plausible" claim for relief; it is certainly not a placeholder, subject to future discovery. *See, e.g., Iqbal*, 556 U.S. at 678-79 ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than [legal] conclusions."); *Toms v. Pizzo*, 4 F. Supp. 2d 178, 186 (W.D.N.Y. 1998)*, aff'd* 172 F.3d 38 (2d Cir. 1999) ("The purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists.") (internal citations omitted).

Because Plaintiff has already amended the complaint once in an attempt to respond to Defendant's motion to dismiss, she should not be allowed to further amend her Complaint when her own knowledge should have provided her with the tools necessary to state a cognizable claim

10

if one existed. *See*, *e.g.*, *United States ex rel. Ladas v. Exelis, Inc*., 824 F.3d 16, 28-29 (2d Cir. 2016) (affirming district court's denial of plaintiff's motion for leave to amend to file a third amended complaint when plaintiff did not "proffer or describe a proposed new pleading to cure the deficiencies").

Accordingly, Plaintiff's first cause of action alleging unpaid overtime under the FLSA should be dismissed as a matter of law with prejudice.

### B.     Plaintiff's Compensatory Time Claim Fails as a Matter of Law.

If Knight were to successfully clear the pleading bar and establish that she worked more than forty (40) hours in a workweek during the relevant limitations period for which she was not compensated at a time-and-one-half rate—which she has not—Knight's newly-added allegation that NYCTA unlawfully required her to "bank" compensatory time in lieu of paying her in cash for overtime hours up to one-hundred sixty (160) also fails as a matter of law and should be dismissed. (FAC at ¶ 24.) Knight alleges simply that "without her individual agreement, [she has been] required to accept 160 hours of compensatory time in lieu of payment for overtime hours worked." (*Id.*) Even accepting these factual allegations as true for this motion to dismiss, Knight nevertheless has failed to state a claim for relief under 29 U.S.C. § 207(o)(2).

Pursuant to Section 207(o) of the FLSA, public agencies (like NYCTA)[2] may, in certain circumstances, compensate non-represented employees (like Knight) with accrued compensatory time-off in lieu of overtime pay for hours worked over forty (40) in a workweek, provided that there exists "an agreement or understanding" between the employer and employee.  29 U.S.C. § 207(o)(2). Plaintiff ignores in her pleading that such an "agreement or understanding" need not

---

[2] NYCTA is a public benefit corporation and is indisputably a public agency within the purview of FLSA Section 207(o). N.Y. Pub. Auth. Law § 1201. NYCTA's purposes include, among others, "the operation of transit facilities . . . for the convenience and safety of the public." *Id.* These purposes have been deemed "for the benefit of the people of the state of New York," and NYCTA is "regarded as performing a governmental function." *Id.*

be in writing and "may be evidenced by a notice to the employee that compensatory time off will be given in lieu of overtime pay. In such a case, an agreement or understanding would be presumed to exist for purposes of section 7(o) with respect to any employee who fails to express to the employer an unwillingness to accept compensatory time off in lieu of overtime pay." 29 C.F.R. § 553.23(c)(1).

Knight's own allegations establish an "agreement or understanding" under the FLSA and the Code of Federal Regulations. To wit, Knight alleges that in 2001, she "was provided with a document setting forth Defendant's overtime and compensatory time policy" and she was notified that she would be compensated in accordance with said policy. (FAC at ¶ 31.) Knight further alleges that she worked overtime consistent with this policy (*id.* at ¶ 24), and although she claims that she did so "without her individual agreement" (*id.*), she does not muster a single allegation that she expressed an unwillingness to accept compensatory time off in lieu of overtime pay during the eighteen (18) years from the enactment of the policy in 2001 until she filed the instant complaint in federal court in October 2019.

Knight's conclusory assertion that NYCTA unlawfully implemented a compensatory time policy thus fails as a matter of law and should be dismissed. *See, e.g., Christensen v. Harris Cty.*, 529 U.S. 576, 579 n. 1 (2000) (citing 29 CFR § 553.23(c)(1)) (holding that "[s]uch an agreement or understanding [under FLSA Section 207(o)(2)] need not be formally reached and memorialized in writing, but instead can be arrived at informally, such as when an employee works overtime knowing that the employer rewards overtime with compensatory time"); *Adderly v. City of Atlanta*, No. 1:08-CV-2111-TWT, 2010 WL 2662719, at *3 (N.D. Ga. June 30, 2010) (granting summary judgment where City adopted a policy providing exempt employees with compensatory time off in lieu of overtime, the policies were available on the employer's intranet,

they had been in effect for a number of years, and plaintiffs offered no evidence that they

objected to receiving compensatory time off); *see also* U.S. DOL Opinion Letter Fair Labor

Standards Act (FLSA), 1994 WL 1004765, at *1 (opining that "an agreement or understanding

would be presumed to exist for purposes of [§] 7(o) with respect to any employee who fails to

express to the employer an unwillingness to accept compensatory time off in lieu of overtime

pay. Consequently, those employees who agree to work overtime knowing that they will receive

compensatory time off for overtime hours worked under the State's rules are deemed to have

reached an agreement with their employer consistent with § 7(o).").

Accordingly, Knight's claim that Defendant violated Section 207(a)(1) of the FLSA is

wholly insufficient as a matter of law and should be dismissed with prejudice.

## II.     PLAINTIFF'S CLAIM UNDER NYCSL § 134 AND ITS ACCOMPANYING REGULATIONS IS INSUFFICIENTLY PLED AND TIME-BARRED.

### A.     Plaintiff Has Failed to Sufficiently Allege a Plausible NYCSL § 134 Unpaid Overtime Claim.

The pleading deficiencies outlined in Section I, *supra,* likewise compel dismissal of

Plaintiff's equivalent state-law claim for unpaid overtime under NYCSL § 134 and the attendant

regulation, 9 NYCRR § 135.1.[3] *See*, *e.g., Lundy,* 711 F.3d at 118, n. 11 (affirming district court's

---

[3] Contrary to Plaintiff's bald assertions (FAC at ¶¶ 37, 38), no private right of action flows from 9 NYCRR § 135.0 *et seq*., which is the accompanying regulations to NYCSL § 134. Neither has Plaintiff substantiated this claim in any way in her FAC or her Opposition and Leave to Amend. NYCSL § 134.4 authorizes the promulgation of regulations by the New York State Division of Budget to carry into effect § 134, and one such regulatory scheme is 9 NYCRR § 135.1. Specifically, the statute authorizes the director of budget to establish rules and regulations that, *inter alia,* classify and define positions and employments for purposes of the overtime provisions; establish overtime calculation formulas; and exclude certain specific titles or individual positions from the overtime requirements. NYCSL § 134.4. Therefore, the rules and regulations are completely derivative of NYCSL § 134, and for the same reason Plaintiff's § 134 claim is insufficiently pled (Section II.A) and time-barred (Section II.B), so too is any claim purportedly commenced pursuant to the accompanying regulations. *See Romero*, 2020 WL 1221004, at *5 (dismissing plaintiffs' NYCRR claims on the same grounds as NYCSL § 134 claim and noting that "a regulation can have no greater reach than the statute that it seeks to implement").

dismissal of state-law wage-and-hour claims based on same pleading standard that applied to plaintiff's FLSA claim).

### B. Plaintiff Does Not Have a Timely Unpaid Overtime Claim Under NYCSL § 134.

Plaintiff's second cause of action should be dismissed for the independent reason that it is indisputably time-barred. (FAC at ¶¶ 35-39.) New York courts have held that the four-month limitations period set forth in CPLR § 217 (applicable to Article 78 of the New York Civil Practice Law and Rules ("CPLR") proceedings) applies to a NYCSL § 134 claim for unpaid overtime, as here, because such a claim constitutes a challenge of an agency's pay policy that could have been advanced as an Article 78 proceeding.

The Third Department's recent decision in *Turner v. New York Div. of State Police*, 148 A.D.3d 1335, 1336 (3d Dep't 2017) is on point.  In that case, a state police officer commenced an Article 78 proceeding in 2014 challenging the agency's overtime policy and seeking back pay for alleged unpaid overtime from 2008 to 2012 pursuant to NYCSL § 134(1). *Id.* Just as here, plaintiff in *Turner* did not allege a continuing violation or seek injunctive relief; instead, plaintiff only sought, *inter alia,* an order directing the agency to award back pay damages for overtime allegedly owed. *Id.* The Third Department dismissed plaintiff's claim for back pay wages as untimely, finding that it was "incumbent upon [plaintiff] to commence a CPLR [A]rticle 78 proceeding within four months after the receipt of [the employee's] last paycheck [that included uncompensated overtime] inasmuch as his claim for overtime back pay continuously accrued upon his receipt of each paycheck" *Id.* Here, Knight concedes that as of October 2017, she began receiving overtime pay at a time and one-half rate (*see* FAC at ¶ 28); therefore, Knight's state-law claim is time-barred because it was indisputably commenced more than four months after

Defendant's overtime pay policy changed in October 2017, when Plaintiff—even accepting her own allegations at true—ceased accruing any further damages for alleged unpaid overtime.

The fact that Knight chose to file her NYCSL § 134 claim in a plenary action or action at law, rather than an Article 78 proceeding, does not compel otherwise.  CPLR Article 78 establishes the procedure for challenging the determinations of agencies, public bodies or officers in an expeditious manner. *See* CPLR § 7801 *et seq.* "Where, as here, governmental activity is being challenged, the immediate inquiry is whether the challenge ***could have been advanced*** in a CPLR article 78 proceeding," and if so, then the challenge should be brought under CPLR Article 78, and the four-month statute of limitations applies.  *Matter of Adirondack Med. Center–Uihlein v. Daines*, 119 A.D.3d 1175, 1176 (3d Dep't 2014) (internal quotations and citations omitted) (emphasis added). As *Turner* demonstrates, Plaintiff's claim here ***could have been advanced*** in an Article 78 proceeding; thus, a four-month statute of limitations period for such actions applies to Plaintiff's NYCSL § 134 claim her—regardless of whether Plaintiff chose to assert her claim in a plenary action or action at law. *Id*.

*Hughey v. Metropolitan Transportation Authority*, 159 A.D.3d 596 (1st Dep't 2018) is instructive. In that case, the First Department dismissed a Long Island Rail Road employee's claim for unpaid benefits as time-barred under CPLR § 217(1), even though the case was not commenced as an Article 78 proceeding. The First Department concluded that, even though the matter was brought as a plenary action in the form of a breach of contract claim, because "the gravamen of plaintiff's claim as ultimately presented to the motion court was a review of the Board's administrative determination interpreting the pension plan . . . the motion court properly concluded that this matter was in the nature of a CPLR [A]rticle 78 proceeding, and subject to the four-month statute of limitations." *Id.* at 597; *see also Portlette v. Metro. Transp. Auth.*, 25

A.D.3d 389, 391 (1st Dep't 2006) (affirming dismissal of former employee's wrongful termination claim as time-barred because her notice of claim was not filed within four months of her termination, even though plaintiff did not technically commence an Article 78 proceeding). So too here, the gravamen of Plaintiff's claim is a challenge of NYCTA's administrative decisions with respect to its overtime policies, which properly could have been advanced as an Article 78 proceeding, and the four-month limitations period applies.

To be sure, public policy militates in favor of dismissal here because courts have recognized the important policy reasons for requiring employees to expeditiously proceed via an Article 78 proceeding when challenging a governmental body's policy decisions. For example, in *Piro v. Bowen*, 76 A.D.2d 392 (2d Dep't 1980) (which is one of the cases *Plaintiff* cited in support of her Opposition and Leave to Amend), while the Second Department declined to dismiss the action despite the fact that the terminated firefighters seeking back pay did not commence their action as an Article 78 proceeding, the Court allowed the case to proceed because plaintiffs "promptly moved for relief [a few months after the agency determination was made] . . . [and] the underlying policy reason for requiring an employee to proceed by way of an [A]rticle 78 proceeding is satisfied." *Id.* at 396. This is plainly not the case here, as Plaintiff did not commence her action until October 2019—***more than two years*** after the agency determination concerning NYCTA's overtime policy was made, and ***approximately ten months*** after Knight acknowledges that she became aware of her statutory rights under the wage-and-hour laws based on the notice of settlement she received in the *Brack* litigation. (FAC at ¶¶ 26, 28.) Knight should not be permitted to circumvent an Article 78 proceeding and its exacting four-month statute of limitations to cure her dilatory conduct because Knight may have strategically decided to bootstrap her state-law claim to an FLSA action in federal court.

16

In her FAC, Plaintiff did not add any new allegations to attempt to resuscitate her untimely NYCSL claim. Plaintiff merely argues in her Opposition and Leave to Amend that her claim "is for accrued salary" and is thus subject to a six-year statute of limitations. (Dkt. No. 27 at 8.) However, Plaintiff does not—because she cannot—cite to any legal authority in the context of a NYCSL § 134 claim to support her unfounded position, nor does Knight even bother distinguishing the cases NYCTA cited in its original motion to dismiss or explain why this Court should brush aside the strong policy reasons favoring expeditious resolution of the public agency decision at issue here pursuant to CPLR Article 78. (*See* Dkt. No. 27 at 8-9.)

Plaintiff's reliance in support of her Opposition and Leave to Amend on several inapposite cases seeking to enforce contract-like rights for back salary that civil service employees retain during the disciplinary process is unavailing. Unlike in those cases, Knight is seeking a review of the lawfulness of Defendant's actual pay policies, rather than an alleged wrongful withholding of money based on said policy pursuant to a contractual right; while the latter may be subjected to a six-year limitations period as it is arguably akin to a breach of contract claim, the former is not. *See Gerber v. N.Y.C. Hous. Auth.*, 42 N.Y.2d 162, 164-5 (1977) (a civil service employee who was suspended and sought to recover unpaid salary accrued from the time of his suspension to the time of his dismissal could proceed by way of an action at law rather than an Article 78 proceeding); *Hussey v. Town of Oyster Bay*, 24 A.D.2d 570 (2d Dep't 1965) (same); *Kowalski v. Dep't of Corr. of City of N.Y.*, 66 A.D.2d 814, 815 (2d Dep't 1978) (same); *Sanders v. N.Y.C. Transit Auth.*, 130 Misc.2d 719 (Civil Court N.Y. County, 1985) (same); *Piro v. Bowen*, 76 A.D.2d at 392 (former employees were permitted to pursue a claim for post-termination recovery of back pay in a plenary action where the actions was promptly commenced, effectuating the purpose of Article 78); *Carney v. Memorial Hosp. & Nursing*

17

*Home of Greene Cty.*, 64 N.Y.2d 770, 772 (1985) (post-termination recovery of back pay during the disciplinary process was properly raised in an Article 78 proceeding).

At bottom, Knight cannot distinguish *Turner* or otherwise rebut the plain fact that her NYCSL § 134 claim could and should have been made via an Article 78 proceeding. Knight should not be permitted to undermine the well-established public policy of Article 78 and unjustifiably extend the statute of limitations. Knight's failure to commence this action within four months of the receipt of her last paycheck where she was allegedly paid in an unlawful matter compels dismissal of her cause of action under NYCSL § 134 and 9 NYCRR § 135.1 with prejudice.[4]

## CONCLUSION

For these reasons, the Complaint should be dismissed in its entirety with prejudice.

Dated: May 15, 2020

PROSKAUER ROSE LLP
Steven D. Hurd
Joshua S. Fox

By:      */s/ Steven D. Hurd*
Steven D. Hurd

*Attorneys for Defendant MTA-New York City Transit Authority*

---

[4] If the Court declines to dismiss Plaintiff's NYCSL claim based on the pleading deficiencies or on timeliness grounds, Defendant submits that the Court should decline to exercise supplemental jurisdiction over Plaintiff's purported NYCSL claim.