```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
 CHRISTINE N. KNIGHT,                                       :
                                                            :
                                    Plaintiff,              :
                                                            :           19-CV-9960 (VSB)
                  - against -                               :
                                                            :           **OPINION & ORDER**
                                                            :
 MTA-NEW YORK CITY TRANSIT                                  :
 AUTHORITY,                                                 :
                                                            :
                                    Defendant.              :
                                                            :
------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/15/2021
```

Appearances:

Laine Alida Armstrong
Arthur Z Schwartz
Advocates for Justice, Chartered Attorneys
New York, NY
*Counsel for Plaintiff*

Joshua Samson Fox
Steven D. Hurd
Proskauer Rose, LLP
New York, NY
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

  Before me is the motion of Defendant MTA-New York City Transit Authority ("NYCTA") ("Defendant") to dismiss the Amended Complaint and Collective and Class Action Complaint ("Amended Complaint") of Plaintiff Christine Knight ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Because Plaintiff has failed to raise sufficient facts to state a violation of Section 7(a) of the Fair Labor Standards Act ("FLSA") and because I decline to exercise supplemental jurisdiction over

Plaintiff's state law claims, Defendant's motion is GRANTED. Since I do not have jurisdiction over Plaintiff's state law claims, I do not reach the question of whether Plaintiff's action is subject to the four-month limitations period set forth by New York Civil Practice Law and Rule ("CPLR") § 217.

### I.   Background and Procedural History[1]

Plaintiff brings this putative class action for damages on behalf of herself and all employees holding the title of Associate Transit Management Analyst, and related titles, who worked for Defendant during the six years prior to the filing of this lawsuit, who worked in excess of 40 hours per week, who were not paid overtime at a rate of one and one-half times their regular hourly rate of pay, and who have not previously joined the action pending in the Eastern District of New York titled *Brack v. MTA NYC Transit Authority (Brack)*, 19-cv-846-ILG-SJB. (Doc. 30, Am. Compl. ¶ 11.)[2]

Plaintiff has worked at MTA-New York City Transit Authority ("NYCT") as an Associate Transit Management Analyst (Material Forecaster/Project Coordinator) since around 1999. (*Id.* ¶ 6.) During the six-year period prior to commencing this action, Plaintiff and others similarly situated were required to work more than 40 hours a week assisting with special projects, completing regular job assignments, as test monitors, as ambassadors for select bus service or otherwise, but were not paid at a premium rate for hours worked overtime. (*Id.* ¶¶ 11–12, 17–23.) Plaintiff was required to "bank" 160 overtime hours as compensatory hours in lieu of payment for those hours before Defendant paid her for overtime hours worked. (*Id.* ¶ 24.)

---

[1] The facts contained in this section are based upon the factual allegations set forth in Plaintiff's Amended Complaint, and I assume the allegations in Amended Complaint to be true in considering the motion to dismiss pursuant to Rule 12(b)(6). *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). However, my reference to these allegations should be not construed as a finding as to their veracity, and I make no such findings.

[2] "Am. Compl." refers to Plaintiff's Amended Complaint and Collective and Class Action Complaint, filed April 21, 2020. (Doc. 30.)

2

Defendant has not posted notices regarding employee rights under the FLSA in appropriate sites at Plaintiff's work location.  Nor has Defendant sought to notify Plaintiff and others similarly situated of FLSA rights and requirements through any other means, such as through mandatory human resources trainings.  (*Id*. ¶ 25.)  Plaintiff was unaware of her statutory FLSA rights regarding overtime prior to around January 2019, when she received notice of a possible settlement in *Brack*, a proposed FLSA collective action alleging overtime violations.  Plaintiff alleges violations of:  Section 7(a) of the FLSA, 29 U.S.C. § 207(a)(1) (First Cause of Action); and Section 134 of the New York State Civil Service Law ("NYSCSL") and 9 NYCRR § 135.1 (Second Cause of Action).

On April 21, 2020, Plaintiff filed the Amended Complaint.  (Am. Compl.)  On May 15, 2020, Defendant NYCTA filed the instant motion to dismiss Plaintiff's Amended Complaint.  (Docs. 31–32.)  On June 12, 2020, Plaintiff filed her memorandum in opposition to Defendant's motion to dismiss the Amended Complaint, (Doc. 35), and on June 19, 2020, Defendant filed its reply, (Doc. 36).

## II. <u>Legal Standard</u>

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  This standard demands "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements,

and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Finally, although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* A complaint is "deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)).

### III. Discussion

Regarding Plaintiff's FLSA claim (First Cause of Action), Defendant argues that Plaintiff has failed to sufficiently allege a plausible FLSA overtime claim, (Doc. 32, Def.'s Mem. 6),[3] and that Plaintiff's allegation that Defendant improperly compensated her with compensatory time in lieu of overtime pay fails to state a claim under 29 U.S.C. § 207(o)(2), (*id*. at 11). Defendant also argues that Plaintiff's NYSCSL claim (Second Cause of Action) should be dismissed as time-barred as it was not filed within the four-month limitations period set forth by CPLR § 217. (*Id*. at 14.)

---

[3] "Def.'s Mem." refers to Defendant's Memorandum in Support of its Motion to Dismiss Plaintiff's Amended Complaint and Collective and Class Action Complaint, filed May 15, 2020. (Doc. 32.)

4

### A.     *FLSA Claim (First Cause of Action)*

#### 1. Applicable Law

Section 207(a)(1) of FLSA provides that, "for a workweek longer than forty hours," an employer must provide an employee "compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). "[I]n order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (affirming dismissal of FLSA overtime claims where plaintiffs had "not alleged a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours"). In order to do so, "[p]laintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Nakahata v. New York-Presbyterian Healthcare Sys.*, 723 F.3d 192, 201 (2d Cir. 2013). While "an approximation of overtime hours" is not "a necessity in all cases," an approximation "may help draw a plaintiff's claim closer to plausibility." *DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 88 (2d Cir. 2013) (quoting *Lundy*, 711 F.3d at 114 n.7). However, a pleading must accomplish more than simply "track[ing] the statutory language of the FLSA, lifting its numbers and rehashing its formulation." *Id*. at 89.

Section 207(o) provides an exception from Section 207(a)'s general mandate, and allows that a public agency may provide "compensatory time off at a rate not less than one and one-half hours for each hour of employment for which overtime compensation is required by this section" pursuant to "applicable provisions of a collective bargaining agreement, memorandum of

understanding, or any other agreement between the public agency and representatives of such employees" or "an agreement or understanding arrived at between the employer and employee before the performance of the work." 29 U.S.C. § 207(o)(2). "Such an agreement or understanding need not be formally reached and memorialized in writing, but instead can be arrived at informally, such as when an employee works overtime knowing that the employer rewards overtime with compensatory time." *Christensen v. Harris Cty.*, 529 U.S. 576, 579 n.1 (2000). "An agreement or understanding may be evidenced by a notice to the employee that compensatory time off will be given in lieu of overtime pay." 29 C.F.R. § 553.23(c)(1). "In such a case, an agreement or understanding would be presumed to exist for purposes of section 7(o) with respect to any employee who fails to express to the employer an unwillingness to accept compensatory time off in lieu of overtime pay." *Id*. "Consequently, those employees who agree to work overtime knowing that they will receive compensatory time off for overtime hours worked under the State's rules are deemed to have reached an agreement with their employer consistent with §7(o)." U.S. Dep't of Labor, Wage & Hour Div. *Opinion Letter, Fair Labor Standards Act (FLSA)*, 1994 WL 1004765, at *1 (Apr. 1, 1994).

### 2. Application

Plaintiff raises a handful of allegations to support her FLSA overtime claim. She claims that "[d]uring numerous weeks within the last six years, Plaintiff, and all others similarly situated, have been required to work, during various weeks, in excess of 40 hours per week." (Am. Compl. ¶ 17.) During the relevant claims period, "Plaintiff and all others similarly situated [were] . . . regularly scheduled to work 35 hours per week." (*Id*. ¶ 16.) When Plaintiff and all others similarly situated worked overtime as "test monitors on the weekends and as ambassadors for selective bus service," she claims that "they worked between seven (7) and 20 hours over

their regularly schedule[d] workday." (*Id.* ¶ 20.) Specifically, Plaintiff claims that she "worked in excess of 40 hours in a work week but was not paid at a premium rate for hours worked over 40 when she worked as a test monitor during the weeks of January 21, 2017; May 13, 2017; May 20, 2017; June 3, 2017; June 24, 2017 and at various other times in 2013, 2015, 2016, and 2017." (*Id.* ¶ 21.) She further alleges that she "worked in excess of 40 hours in a work week but was not paid at a premium rate for hours worked over 40 when she worked as an ambassador for Select Bus Service in 2014 and 2016." (*Id.* ¶ 22.)

I find that these allegations do not provide "sufficient detail about the length and frequency of [Plaintiff's] unpaid work" to state a FLSA overtime claim. *Nakahata*, 723 F.3d at 201. Although Plaintiff lists the weeks that she worked in excess of 40 hours as a test monitor, she does not provide specifics regarding the number of hours allegedly worked overtime during those dates. Plaintiff's allegations as to the weeks she worked as an ambassador for Select Bus Service are even sparser. She provides neither the alleged dates, the alleged number of weeks that she worked as an ambassador for Select Bus Service, nor the number of hours that she allegedly worked overtime in support of those claims.

Plaintiff's estimation that "[w]hen [she] and others similarly situated worked as test monitors or ambassadors, they worked between seven (7) and 20 hours over their regularly schedule[d] workday" is also unavailing. (Am. Compl. ¶ 20.) As an initial matter, Plaintiff's estimation must be based in part on the hours Plaintiff claims she worked in excess of 40 hours as a test monitor and ambassador for Select Bus Service; I have already found that Plaintiff's allegations do not provide sufficient detail about the length and frequency of her unpaid work. In addition, other than providing a range of hours that she or others allegedly worked overtime during these unspecified weeks, Plaintiff does not plead facts showing that she definitively

7

worked in excess of 40 hours in any "given" week. *Lundy*, 711 F.3d at 114. Without additional contextual detail, this claim amounts to little more than a conjecture that the FLSA was violated. *See id*. at 114–15 (holding that where the plaintiffs alleged that they "typically" worked more shifts than usual per week but did not describe "how occasionally or how long," "this invited speculation [did] not amount to a plausible claim under FLSA"); *see, e.g.*, *Romero v. Metro. Transp. Auth.*, 444 F. Supp. 3d 583, 587–88 (S.D.N.Y. 2020), *appeal dismissed* (Aug. 4, 2020) (dismissing FLSA overtime claims where plaintiffs had not "provided information about work schedules of or actual hours worked by any employee" on grounds that "general allegations that the plaintiffs worked more than eight hours a day in a five-day week or worked during a weekend or on a scheduled off day neither explain the number of weeks that overtime pay was miscalculated nor specify any week in which overtime pay was unpaid").

Without more detail, Plaintiff's Amended Complaint does little more than recite the statutory requirements of the FLSA, and lacks sufficient factual specificity to shift her overtime claim "from conceivable to plausible." *DeJesus*, 726 F.3d at 90 (internal quotation marks omitted) (affirming dismissal of overtime claim where the plaintiff "did not estimate her hours in any or all weeks or provide any other factual context or content" and "her complaint was devoid of any numbers to consider beyond those plucked from the statute").

Furthermore, Plaintiff alleges that she was required to "bank" 160 overtime hours as compensatory hours in lieu of payment for those hours before Defendant paid her for overtime hours worked without an "agreement" between Plaintiff and Defendant to do so. (Am. Compl. ¶ 24; Doc. 35, Pl.'s Opp. Mem. 7.)[4] However, Plaintiff does not raise facts indicating the absence

---

[4] "Pl.'s Opp. Mem." refers to Plaintiff's memorandum of law in support of her opposition to Defendant's motion to dismiss, filed June 12, 2020. (Doc. 35.)

of an "agreement" under § 207(o)(2) so as to allege a violation of § 207.  Plaintiff does not contest that she was notified of the compensatory time policy and subsequently worked overtime without objection, (*see* Pl.'s Opp. Mem. 7), which gives rise to a presumption that an agreement existed under § 207(o).  *See* 29 C.F.R. § 553.23(c)(1).  She simply emphasizes that the regulatory language proving that "[a]n agreement or understanding may be evidenced by a notice to the employee that compensatory time off will be given in lieu of overtime pay," *id.*, is permissive rather than mandatory and therefore does not apply to the instant case, (Pl.'s Opp. Mem. 7–8).  I disagree with Plaintiff's interpretation; the permissive language of the regulation merely reflects the Department of Labor's understanding that a notice is an acceptable but not an exclusive means of forming an agreement under § 207(o)(2).

Nor does Plaintiff raise any facts in support of her claim that she "did not act voluntarily or willingly" in failing to oppose this policy or that her decision to accept the policy was not made "freely and without coercion or pressure."  (*Id*. at 8.)  In fact, Plaintiff's description that the positions of "test monitor" and "selective bus service ambassador" are "overtime positions defined and offered by Defendant," (*id*. at 5), appears to undercut Plaintiff's allegation that she was coerced to accept these explicitly labeled "overtime positions" without any ability to object to Defendants' policy of granting compensatory time off in lieu of overtime pay for working in these positions.  In any case, Plaintiff has not raised any allegations that she was in fact required to work in these positions without notice of Defendant's compensation policy so as to refute the presumption of an "agreement" under § 207(o)(2).  As such, even assuming that Plaintiff has raised a plausible claim that she or others similarly situated worked in excess of 40 hours in a given work week, Plaintiff has not adequately pleaded a violation of § 207 based on Defendant's policy of compensating its employees in overtime hours instead of overtime pay.

Accordingly, Plaintiff's FLSA overtime claims are DISMISSED for failure to state a claim under Section 207.

### B. *NYSCSL § 134 and NYCRR 135.1 Claims (Count II)*

Defendant seeks to dismiss Plaintiff's NYSCSL unpaid overtime claim on the basis that the four-month limitations period set forth in CPLR § 217—applicable to CPLR Article 78 proceedings—pertains to the instant proceeding, and Plaintiff did not file her claim within that period. (Def.'s Mem. 14.) Plaintiff counters that her claim is for accrued salary, and was therefore timely brought within the six-year statute of limitations provided for by CPLR § 213. (Pl.'s Opp. Mem. 9.) I need not today address the issue of which statute of limitations appropriately governs NYSCSL § 134 claims, because I decline to exercise supplemental jurisdiction over Plaintiff's state law claims.[5]

Section 1367(c)(3) of title 28 provides that "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Whether to exercise supplemental jurisdiction "is within the sound discretion of the district court." *Lundy*, 711 F.3d at 117 (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349–50 (1988)). Courts "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity" to decide whether to exercise supplemental jurisdiction. *Id.* at 117–18 (internal quotation marks omitted). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise

---

[5] I note that while the question of which statute of limitations appropriately governs NYSCSL § 134 claims has not been squarely answered by New York courts, the Third Department has applied a four-month statute of limitations to a § 134 claim. *See Turner v. N.Y. Div. of State Police*, 50 N.Y.S.3d 175, 177 (2017) ("If, as petitioner claims, respondent failed to pay him overtime due for that time period, it was incumbent upon petitioner to commence a CPLR article 78 proceeding within four months after the receipt of his last paycheck").

10

jurisdiction over the remaining state-law claims." *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Cohill*, 484 U.S. at 350 n.7); *see also, e.g.*, *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.").

Here, concerns about judicial economy, convenience, and fairness are minimal because this case is still at an early stage of pre-trial litigation, discovery has not yet commenced, and the Amended Complaint was just filed on April 21, 2020. As I have dismissed Plaintiff's sole federal claim, the balance of factors favor dismissal of Plaintiff's remaining state law claims.

Accordingly, Plaintiff's NYSCSL and NYCRR claims are DISMISSED without prejudice to their being filed in state court.

## IV.   Conclusion

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's Amended Complaint is hereby GRANTED. The Clerk of Court is respectfully directed to terminate the open motion at Document 31 and close the case.

SO ORDERED.

Dated: June 15, 2021
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge