21-1700-cv
*Knight v. MTA New York City Transit Authority*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of March, two thousand twenty-two.

PRESENT:

    PIERRE N. LEVAL,
    RICHARD J. SULLIVAN,
    MYRNA PÉREZ,
        *Circuit Judges*.


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Apr 12 2022

_____

CHRISTINE N. KNIGHT, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

        *Plaintiff-Appellant*,

v.                                  No. 21-1700-cv

MTA-NEW YORK CITY TRANSIT AUTHORITY,

        *Defendant-Appellee*.

_____

MANDATE ISSUED ON 04/12/2022

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | ARTHUR Z. SCHWARTZ (Laine Alida Armstrong, *on the brief*), Advocates for Justice, New York, NY. |
| FOR DEFENDANT-APPELLEE: | JOSHUA S. FOX (Steven D. Hurd, *on the brief*), Proskauer Rose LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Broderick, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Christine N. Knight is a current employee of the MTA-New York City Transit Authority ("NYCT"), where she has worked for over twenty years. Knight alleges that, during the six years prior to the commencement of this action, she occasionally worked in excess of forty hours per week and that NYCT failed to pay her at a premium rate for those hours. Instead, Knight alleges, NYCT required her to "bank" 160 hours of overtime as "compensatory hours." App'x at 12. Knight contends that NYCT's failure to pay her a premium rate for overtime hours violates the Fair Labor Standards Act

2

("FLSA"), 29 U.S.C. § 207(a)(1); section 134 of the New York State Civil Service Law; and the New York Code of Rules and Regulations ("NYCRR"), 9 NYCRR § 135.1. The district court granted NYCT's motion to dismiss for failure to state a claim, holding that Knight failed to sufficiently plead facts as to the length and frequency of her unpaid work. The district court also held that, even if Knight could raise a plausible claim that she worked in excess of 40 hours in a given work week, Knight failed to adequately plead a violation of section 207(a) based on NYCT's policy of compensating its employees in compensatory time instead of overtime pay. Knight appeals the dismissal of her overtime claim under the FLSA. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal, Knight exclusively challenges the district court's conclusion that she failed to "provide sufficient detail about the length and frequency of [her] unpaid work to state a FLSA overtime claim." App'x at 22. But she overlooks entirely the district court's alternative – and independent – holding that Knight failed to plead an FLSA overtime claim because the parties had a valid agreement that NYCT would compensate her for overtime work with compensatory time off in lieu of overtime pay, as permitted under section 207(o)(2).

3

Although 29 U.S.C. § 207(a) requires time-and-a-half overtime pay for hours worked in excess of forty hours per week, section 207(o) provides an exception to this general mandate. Under section 207(o), a public agency may provide "compensatory time off at a rate not less than one and one-half hours for each hour of employment for which overtime compensation is required" pursuant to "applicable provisions of a collective bargaining agreement, memorandum of understanding, or any other agreement between the public agency and representatives of such employees," or "an agreement or understanding arrived at between the employer and employee before the performance of the work." 29 U.S.C. § 207(o)(2)(A). In her complaint, Knight alleged that she was required to "bank" 160 overtime hours as compensatory hours in lieu of overtime payment for those hours. App'x at 10. The court determined that, based on the facts alleged, this agreement fell within the scope of § 207(o)(2). Accordingly, the district court concluded that, even assuming Knight had plausibly alleged that she worked more than 40 hours a week in a given workweek, "Plaintiff has not adequately pleaded a violation of § 207."[1]

---

[1] Because the district court dismissed Knight's federal claims, it declined to exercise supplemental jurisdiction over her state law claims.

4

Since the district court's alternative holding is sufficient by itself to warrant dismissal of her FLSA claim, Knight's failure to challenge it is fatal to her appeal. It is well settled in the Second Circuit "that issues not discussed in an appellate brief will normally be deemed abandoned." *Beatty v. United States*, 293 F.3d 627, 632 (2d Cir. 2002); *see also Schwapp v. Town of Avon*, 118 F.3d 106, 112 (2d Cir. 1997) ("We consider abandoned any claims not adequately presented in an appellant's brief."); *LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d. Cir. 1995) (collecting cases where an issue was deemed abandoned when the appellant did not raise it in brief). And although "[a]n abandoned claim may nevertheless be considered if manifest injustice would otherwise result," *Ocean Ships, Inc. v. Stiles*, 315 F.3d 111, 117 (2d Cir. 2002), such circumstances are not present here. In her reply brief, Knight does not even attempt to explain why she failed to address the section 207(o) holding in her opening brief (or refute the argument that the issue has been abandoned). *See* Knight's Reply Br. at 1–6.

Given Knight's abandonment of a challenge to the district court's determination that she was subject to the section 207(o) overtime exception, we affirm the district court's dismissal on that ground, without addressing her arguments concerning the sufficiency of the pleadings as to the length and

5

frequency of her unpaid work.

We have considered all of Knight's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

6